OPINION
{¶ 1} Defendant-appellant, Howard A. Chapman, appeals from a November 14, 2003 judgment entry of the Franklin County Court of Common Pleas denying his motion for post-conviction relief.
 {¶ 2} On March 25, 2002, defendant pleaded guilty to one count of felonious assault. On April 25, 2002, the trial court sentenced defendant to a five-year term of incarceration. Thereafter, defendant appealed his conviction and sentence, asserting that his guilty plea had not been knowingly, intelligently, and voluntarily made. In State v. Chapman,
Franklin App. No. 02AP-666, 2003-Ohio-2415, we affirmed defendant's conviction.
 {¶ 3} On October 28, 2003, defendant filed a motion captioned "MOTION FOR RE-SENTENCING PURSUANT TO § 2929.14(B) OF DIVISION (A)." On November 14, 2003, the trial court denied defendant's motion, holding that the motion was in fact a petition for post-conviction relief, which was time barred by R.C.2953.21(A)(2). Defendant appeals therefrom assigning the following errors:
First Assignment of Error
 Mr. Chapman pleaded guilty to felonious assault, throwing himself upon the mercy of the court as to the sentence. But he was sentenced to a (5), year prison term for Felonious Assault.
The proper sentence would have been for "assault" because Mr. Chapman did not cause "serious physical harm["] upon the victim. While the discomfort to the victim was certainly physical harm, it does not fall into any of the definitional categories for "serious physical harm[.]"
Second Assignment of Error
The trial court erred when it construed the statute of R.C.2929.14 (B) to a motion pursuant to R.C. § 2953.21, when the statute R.C. 2953.21 was not nor never has been a part of the legislature entent [sic] of the enactment of A.M. Sub. S.B. 2.
 Third Assignment of Error
The appellant also contend [sic] that the sentence imposed by the trial court for the felonious assault count did not accord with R.C. § 2929.14(B).
 {¶ 4} We will address defendant's assignments of error out of order for organizational purposes. Under his second assignment of error, defendant first argues that the trial court erred in treating his motion as a petition for post-conviction relief. We disagree. It is well-settled that a vaguely titled motion to correct or vacate a sentence, such as that filed by defendant, should be construed as a motion for post-conviction relief under R.C. 2953.21. State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 10 (construing State v. Reynolds [1997],79 Ohio St.3d 158, syllabus). Pursuant to R.C.2953.21(A)(2), a post-conviction petition must be "filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction" unless one of the exceptions set forth in R.C.2953.23(A)[1] applies. Here, the trial transcript in defendant's direct appeal was filed in this court on September 9, 2002. However, defendant did not file the instant motion for post-conviction relief until October 28, 2003, more than one year after the filing of the transcript in his direct appeal. Further, neither of the exceptions in R.C. 2923.23(A) has any applicability to defendant's motion. Accordingly, the trial court lacked jurisdiction to consider defendant's motion and properly dismissed it. State v. Nelms (July 10, 2001), Franklin App. No. 00AP-1465.
 {¶ 5} Despite our conclusion that the trial court properly dismissed defendant's motion for post-conviction relief, we will briefly address defendant's remaining arguments.
 {¶ 6} Defendant also argues under his second assignment of error that the trial court's sentence was improper because the court did not find that defendant had "committed the worst [form] of the offense" as required by R.C. 2929.14(C). Defendant is mistaken. On its face, R.C. 2929.14(C)[2] only requires a sentencing court to find that an offender's conduct constitutes the "worst [form] of the offense" when imposing the maximum prison sentence for an offense. In the present case, the five-year term imposed by the trial court is three years short of the maximum sentence that could have been imposed on defendant.
 {¶ 7} Defendant's second assignment of error is overruled.
 {¶ 8} In his first assignment of error, defendant argues that the trial court erred in imposing a five-year prison sentence for felonious assault, as the evidence was sufficient only to establish the offense of assault. Initially, because defendant could have challenged the propriety of his five-year sentence on direct appeal, the doctrine of res judicata bars him from raising the issue in any subsequent proceeding. State v. Williams,157 Ohio App.3d 374, 2004-Ohio-2857, at ¶ 17.
 {¶ 9} More importantly, given this court's previous conclusion that defendant voluntarily, knowingly, and intelligently entered a guilty plea to the offense of felonious assault (see Chapman, supra), the question of whether the evidence would have been sufficient to prove defendant guilty of felonious assault is completely irrelevant.
 {¶ 10} Defendant's first assignment of error is overruled.
 {¶ 11} In his third assignment of error, defendant argues that the trial court failed to comply with the requirements of R.C. 2929.14(B) in imposing a prison term greater than the minimum prison term possible for defendant's offense. R.C.2929.14(B) provides, in relevant part, as follows:
* * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
This provision has been interpreted to require a trial court that imposes other than a minimum sentence to make oral findings on the record that either one or both of the requirements of R.C.2929.14(B) apply. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 26.
 {¶ 12} The transcript of defendant's sentencing hearing establishes that the trial court expressly found that imposing the minimum sentence on defendant would demean the seriousness of defendant's conduct and would not adequately protect the public from future crime. Accordingly, the trial court complied with the requirements of R.C. 2929.14(B) in sentencing defendant to a five-year term of incarceration.
 {¶ 13} Appellant's third assignment of error is overruled.
 {¶ 14} Having overruled defendant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bowman and Bryant, JJ., concur.
[1] R.C. 2953.23(A) provides: "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
"(1) Both of the following apply:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
"(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections2953.71 to 2953.81 of the Revised Code or under section 2953.82
of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death."
[2] R.C. 2929.14(C) provides: "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."