DECISION
{¶ 1} On December 18, 2001, defendant-appellant, Rita J. Franks, was indicted on one count of attempted murder and two counts of felonious assault. Appellant pled guilty to the two counts of felonious assault and a nolle prosequi was entered on the count of attempted murder. By corrected journal entry on August 5, 2002, appellant received a seven-year sentence for each count, for a total of 14 years.
 {¶ 2} On October 3, 2002, appellant filed a motion for leave to file a delayed appeal, which was denied on November 26, 2002, for failure to demonstrate a reasonable explanation of the basis for her failure to perfect a timely appeal. On December 18, 2002, appellant filed a petition to vacate or set aside sentence in the trial court. The petition was denied.
 {¶ 3} On April 16, 2003, appellant filed a second motion for delayed appeal, which was denied. This court found that appellant had failed to establish a reasonable explanation for her failure to file a timely appeal and R.C. 2953.08(D) prevented such an appeal because the sentence was authorized by law and jointly recommended by the prosecution and appellant.
 {¶ 4} On November 25, 2003, appellant filed a motion to withdraw her guilty plea, which was denied by the trial court and affirmed by this court. On October 19, 2004, appellant filed another petition for post-conviction relief, citing Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, rehearing denied, 125 S.Ct. 21. Appellant argued that the court violated her Sixth Amendment right to a jury trial by ordering consecutive sentences and failing to advise her of additional elements regarding post-release control. The trial court denied the petition, finding that it was appellant's second petition, the petition was time-barred by R.C. 2953.21(A)(2) and Blakely did not apply.
 {¶ 5} Appellant filed a notice of appeal and raises the following assignment of error:
Appellant contends the trial court erred finding that her Blakely claim was time-barred and that Blakely did not create or recognize a new Federal right that applies retroactively to her situation.
 {¶ 6} By the assignment of error, appellant contends that the trial court erred in finding that her claim based upon Blakely, supra, was time-barred and that Blakely did not apply. In order to obtain post-conviction relief, a petitioner must demonstrate that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a). The court "shall determine whether there are substantive grounds for relief" before granting a hearing on a petition for post-conviction relief. R.C. 2953.21(C). A petitioner is not automatically entitled to a hearing. The evidence must facially demonstrate a denial or infringement of the petitioner's rights that renders the conviction or sentence void or voidable; otherwise, the trial court may deny the petition without a hearing. State v. Calhoun (1999),86 Ohio St.3d 279.
 {¶ 7} R.C. 2953.21(A)(2) provides that a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." The statute also provides that, if no appeal is taken, the petition shall be filed no later than 180 days after the expiration of the time for filing the appeal. A trial court has no jurisdiction to entertain an untimely petition for post-conviction relief unless the petitioner demonstrates that one of the exceptions contained in R.C. 2953.23(A) applies. State v. Halliwell
(1999), 134 Ohio App.3d 730. The burden of establishing an R.C.2953.23(A) exception is upon the petitioner. State v. Poindexter (Aug. 29, 1997), Hamilton App. No. C-960780.
 {¶ 8} R.C. 2953.23 provides, in pertinent part:
(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
(1) Both of the following apply:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 9} In this case, appellant was sentenced on August 5, 2002, but did not file an appeal. Thus, her petition for post-conviction relief was to be filed no later than 180 days after the expiration of the time for filing the appeal. Appellant's petition was untimely because a delayed appeal does not extend the time for filing a petition for post-conviction relief. State v. Price (Sept. 29, 1998), Franklin App. No. 98AP-80. In order to be timely, appellant's petition must have been filed within 210 days after the trial court's August 5, 2002 judgment entry was filed. Appellant did not file her petition for post-conviction relief until October 19, 2004, and this is the second petition for post-conviction relief that appellant has filed.
 {¶ 10} Appellant argues that, pursuant to R.C. 2953.23(A)(1), her petition should have been considered despite the fact that it was untimely filed because, in Blakely, the United States Supreme Court recognized a new federal or state right that applies retroactively to appellant, and her petition was filed within 180 days after Blakely was decided. However, this court has already determined that Blakely does not represent the recognition of a new federal or state right that applies retroactively to appellant.
 {¶ 11} Appellant contends that, pursuant to Blakely, the trial court was not permitted to make the factual findings upon which the court based its imposition of consecutive sentences. She contends that, absent such findings being made by a jury or being admitted by her, the trial court was required to order that the sentences be served concurrently. Because the necessary findings were not determined by a jury or admitted by her, she argues that her sentence violated her Sixth Amendment right to a trial by jury.
 {¶ 12} The Blakely decision followed and explained the United States Supreme Court's decision in Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348. In Apprendi, the court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. A sentence that is greater than the statutory maximum and that is not based upon facts admitted by the defendant or found by a jury beyond a reasonable doubt, violates the defendant's right to a trial by jury as guaranteed by the Sixth Amendment to the United States Constitution. Id. at 476.
 {¶ 13} In Blakely, the United States Supreme Court defined "`statutory maximum' for Apprendi purposes" as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict oradmitted by the defendant." Blakely, at 2537. (Emphasis sic.)
 {¶ 14} This court has repeatedly rejected Blakely-based arguments such as appellant's argument. In State v. Abdul-Mumin, Franklin App. No. 04AP-485, 2005-Ohio-522, discretionary appeal allowed, 106 Ohio St.3d 1411,2005-Ohio-3154, we held that:
Ohio's sentencing scheme does not encroach upon the traditional and constitutionally required role of the jury in finding those facts that fix the upper limit of a defendant's punishment for a particular offense. Rather, the upper limit, or in Blakely terms, the "statutory maximum" sentence to which one accused of a felony knows he will be exposed upon walking through the courtroom door, is established by statute. R.C. 2929.14(B) does not allow judge-made findings to enhance a defendant's punishment beyond the maximum sentence corresponding to the class of offense of which he is convicted or to which he pleads guilty. * * *
Id. at ¶ 12.
 {¶ 15} In the present case, appellant pled guilty to two counts of felonious assault, felonies of the second degree. The guilty plea authorized a sentence of two, three, four, five, six, seven or eight years of imprisonment on each count. R.C. 2929.14(A)(2). Thus, pursuant to Blakely and Abdul-Mumin and its progeny, eight years was the "statutory maximum" for Apprendi purposes as to each count. The trial court sentenced appellant to a term of seven years on each count, neither of which exceeds the eight-year "statutory maximum" for Apprendi
purposes. Thus, the court's sentence as to each count does not violateBlakely or appellant's Sixth Amendment right to a jury trial.
 {¶ 16} The federal courts have consistently held that the imposition of consecutive sentences does not violate the Sixth Amendment so long as the individual sentence for each count does not exceed the statutory maximum for the corresponding offense. See, e.g., United States v. Feola
(C.A.2, 2001), 275 F.3d 216, 220. This court has agreed. See, e.g.,Abdul-Mumin, supra; State v. Imler, Franklin App. No. 04AP-1246, 2005-Ohio-4241; State v. Houston, Franklin App. No. 04AP-875, 2005-Ohio-4249; State v. Smith, Franklin App. No. 04AP-859, 2005-Ohio-2560;State v. Satterwhite, Franklin App. No. 04AP-964, 2005-Ohio-2823; Statev. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095. Pursuant to this line of cases, because the individual sentence imposed upon appellant for each count to which she pled guilty does not exceed the statutory maximum under Blakely or Apprendi, the imposition of consecutive sentences likewise does not violate the Sixth Amendment.
 {¶ 17} Moreover, appellant pled guilty to the two charges of felonious assault and the judgment entry imposing the prison sentence provides that the sentence was jointly recommended by the state and the defense. The guilty plea and recommended sentences admitted the facts necessary to support the imposed sentence. Thus, even if Blakely applied to the consecutive sentences, appellant admitted the facts.
 {¶ 18} Finally, appellant argues that the imposition of post-release control also relies upon facts not found by a jury, which violatesBlakely. Pursuant to R.C. 2967.28(B)(2), a sentence for a second-degree felony shall include a three-year period of post-release control imposed by the parole board.
 {¶ 19} Given all of the foregoing, Blakely does not represent the recognition of a new federal or state right that applies retroactively to appellant. Thus, appellant has not demonstrated that her petition for post-conviction relief should be considered, despite its untimeliness, pursuant to the exception found in R.C. 2953.23(A)(1). Since she has not done so, the trial court was without jurisdiction to consider her untimely petition for post-conviction relief. State v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524. Therefore, the trial court did not err in denying appellant's petition as untimely. Appellant's assignment of error is not well-taken.
 {¶ 20} For the foregoing reasons, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
French and McGrath, JJ., concur.
CHRISTLEY, J., retired of the Eleventh Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.