DECISION AND JUDGMENT ENTRY
{¶ 1} Norman Dunn appeals the judgment of the Washington County Court of Common Pleas effectively granting his motion for a resentencing hearing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and sentencing him to the following, consecutive prison terms: (1) eleven months for trafficking in marijuana; (2) three years for money laundering; (3) seventeen months for complicity to trafficking in marijuana; and (4) five years for possession of drugs. In his first assignment of error, Dunn contends that the trial court erred in granting his motion and resentencing him for a period of incarceration exceeding that of his original sentence. Specifically, he contends that the court lacked the requisite jurisdiction to resentence him where his conviction and sentence were final before the Supreme Court decidedFoster. Because *Page 2 
we find that the trial court lacked jurisdiction to either reconsider its own valid final judgment entered on September 5, 2003, or properly consider Dunn's motion for resentencing as a petition for postconviction relief, we find that the court's May 23, 2006 judgment resentencing Dunn is a nullity. In his second assignment of error, Dunn contends that the Foster court's severance remedy, permitting resentencing under the amended statute, violates the ex-post facto and due process clauses of the United States Constitution. Because our resolution of Dunn's first assignment of error renders his second assignment of error moot, we do not address it. Accordingly, we sustain Dunn's first assignment of error, decline to address his second assignment of error, reverse the trial court's May 23, 2006 judgment, and remand this cause to the trial court with instructions to vacate its May 23, 2006 entry and reinstate its September 5, 2003 entry.
 I. {¶ 2} On June 12, 2002, the Washington Grand Jury issued a sixteen count indictment charging Dunn with a variety of drug related offenses, including possession, trafficking, and complicity to trafficking; money laundering; conspiracy to commit aggravated burglary and/or robbery; engaging in a pattern of corrupt activity; and conspiracy to engage in a pattern of corrupt activity. On May 13, 2003, Dunn entered a plea of no contest to one count of each of the following offenses: (1) trafficking in marijuana; (2) money laundering; (3) complicity to trafficking; and (4) possession of drugs. The state dismissed the remaining counts of the indictment. The court orally *Page 3 
pronounced Dunn guilty of the charged offenses and then proceeded to conduct Dunn's sentencing hearing.
 {¶ 3} On August 11, 2003, the court issued a sentencing entry sentencing Dunn to an eleven-month term of incarceration for trafficking in marijuana; a two-year term of incarceration for money laundering; a seventeen-month term of incarceration for complicity to trafficking; and a four-year term of incarceration for possession of drugs. The court ordered Dunn to serve his terms consecutively for a total of eight years and four months incarceration. Then, on September 5, 2003, the court issued an amended sentencing entry. The amended entry conformed to the August 11, 2003 entry in all material respects, except that the amended entry further specified that the court found Dunn guilty of the offenses to which he pled no contest.
 {¶ 4} Dunn directly appealed the court's September 5, 2003 judgment entry to this court, alleging that the trial court erred in overruling his motion to suppress evidence and in failing to disclose the identity of confidential informants. We overruled both of his assignments of error and affirmed the trial court's judgment. State v. Dunn, Washington App. No. 03CA47, 2004-Ohio-2883. The Ohio Supreme Court denied a discretionary review of Dunn's direct appeal. State v. Dunn,103 Ohio St.3d 1479; 2004-Ohio-5405.
 {¶ 5} Dunn later filed a pro se application to reopen his direct appeal pursuant to App.R. 26(B), which we denied. The Ohio Supreme Court again denied discretionary review. State v. Dunn, 108 Ohio St.3d 1417,2006-Ohio-179.
 {¶ 6} On April 6, 2006, Dunn's trial counsel moved the court to schedule a resentencing hearing, "pursuant to the requirements of the Ohio Supreme Court in State . Foster, *Page 4 
[109 Ohio St.3d 1, 2006-Ohio-856]." In response to Dunn's motion, the court scheduled and conducted a resentencing hearing.
 {¶ 7} At the outset of the hearing, the court noted the Supreme Court's recent decision in Foster, and stated: "Okay, I want to make it clear, that even though he wasn't on direct appeal and doesn't come within the direct dictates of the Supreme Court decision, I believe they held the sentencing — previous sentencing statute unconstitutional, and those sentences void, but I believe they left it — those that are serving the sentences, they didn't specifically address the issue, but I think he has the absolute right to petition." The state confirmed that it had no objection to the court's determination, and the court proceeded to resentence Dunn to: (1) an eleven month term of incarceration for trafficking in marijuana; (2) a three year term of incarceration for money laundering, increasing his sentence for that offense by one year; (3) a seventeen month term of incarceration for complicity to trafficking; and (4) a five year term of incarceration for possession of drugs, increasing his sentence for that offense by one year. Again, the court ordered Dunn to serve his sentences consecutively.
 {¶ 8} On May 23, 2006, the court issued a sentencing entry conforming to its oral pronouncement. Dunn now appeals raising the following assignments of error: I. "TRIAL COURT ERRED IN RE-SENTENCING APPELLANT UNDER THE GUISE OF FOSTER WHERE HIS CASE WAS FINAL BEFOREFOSTER WAS DECIDED." II. FOSTER SEVERANCE REMEDY PERMITTING RE-SENTENCING UNDER STATUTE, WHICH WAS NOT IN EXISTENCE AT TIME OF THE CHARGED *Page 5 
OFFENSE, VIOLATES EX-POST FACTO AND DUE PROCESS CLAUSES OF THE FEDERAL CONSTITUTION."
 II. {¶ 9} In his first assignment of error, Dunn contends that the trial court lacked jurisdiction to resentence him because: (1) his sentence was already final when the Ohio Supreme Court issued its decision inFoster; and (2) to the extent that the court could construe his motion for resentencing as a petition for postconviction relief, the motion was untimely and did not satisfy the statutory requirements for a delayed petition for postconviction relief. Dunn acknowledges the unusual circumstances of his appeal, in which he challenges the trial court's judgment granting his own motion for resentencing. However, he asserts that the mere fact that he requested resentencing could not cloak the court with the requisite jurisdiction to grant his motion.
 {¶ 10} In Foster, the Ohio Supreme Court considered the constitutionality of Ohio's sentencing statutes in light of the United States Supreme Court's holdings in Blakely v. Washington (2004),542 U.S. 296 and Apprendi v. New Jersey (2000), 530 U.S. 466. The court found that, under Blakely and Apprendi, R.C. 2929.14(B), R.C.2929.14(E)(4) and R.C. 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment to the extent they required judicial fact finding. Foster, supra, at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster Court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The Court then held that the cases before the Court "and those pending on direct review *Page 6 
must be remanded to trial courts for new sentencing hearings not inconsistent" with the Court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding in United States v.Booker (2005), 543 U.S. 220, the Foster Court only applied its holding retroactively to cases that were then pending on direct review or not yet final. Foster at ¶ 106.
 {¶ 11} The parties agree that Dunn's case was not on direct review when the Ohio Supreme Court decided Foster and that, consequently,Foster has no application here. The record clearly reflects that Dunn's conviction and sentence were already final because the court rendered a judgment of conviction, Dunn exhausted all available appeals, and the time for filing a petition for certiorari elapsed. See, Griffith v.Kentucky (1987), 479 U.S. 314, 321 at fn. 6, citing United States v.Johnson (1982), 457 U.S. 537, 542, at fn. 8, and Linkletter v.Walker (1965), 381 U.S. 618, 622, at fn. 5.
 {¶ 12} Dunn's motion asks the court to reconsider the sentence it imposed upon him in its September 5, 2003 judgment entry. The Ohio Rules of Civil Procedure do not provide for motions for reconsideration after a final judgment in a trial court. Pitts v. Dept. of Transportation
(1981), 67 Ohio St.2d 378, at paragraph one of the syllabus. Such motions are considered a nullity. State, ex rel. Pendell v. Adams Cty.Bd. of Elections (1988), 40 Ohio St.3d 58, 60. Similarly, the Ohio Rules of Criminal Procedure provide no authority for a motion for reconsideration and they, too, are a nullity. State v. Whaley (July 9, 1997), Gallia App. No. 96CA17, citing Cleveland Heights v.Richardson (1983), 9 Ohio App.3d 152, 154; State v. Hicks (May 30, 1991), Cuyahoga App. No. 60985, at fn. 1; State v. Carpenter (Jun. 15, 1990), Allen App. No. 1-88-58; Geneva v. endarski *Page 7 
(Jun. 26, 1987), Ashtabula App. No. 1305. A judgment entered on a motion for reconsideration is also a nullity. Kauder v. Kauder (1974),38 Ohio St.2d 265, 267. Thus, to the extent that Dunn's motion asked the trial court to reconsider the sentences it previously imposed upon him, the motion was a nullity because the trial court lacked jurisdiction to reconsider its own valid final judgment. State v. Wilson, Franklin App. Nos. 05AP-939, 05AP-940, 05AP-941, 2006-Ohio-2750, at ¶ 9, citingState v. Steele, 10 Dist. No. 05AP-92, 2005-Ohio-4786, ¶ 11, andState ex rel. Hansen v. Reed (1992), 63 Ohio St.3d 597, 589 N.E.2d 1324.
 {¶ 13} Further, the parties agree, and we find, that no other procedural remedy confers jurisdiction upon the court to resentence Dunn. Dunn acknowledges that his motion requesting resentencing was akin to a petition for postconviction relief because he filed it after his direct appeal and sought vacation or modification of his sentence on the ground that the sentence violated his constitutional rights. R.C.2953.21; State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. However, Dunn contends that, to the extent that his motion could be considered a petition for postconviction relief, his motion was time barred because he failed to either timely file it, or satisfy the requirements for filing a delayed petition for postconviction relief.
 {¶ 14} "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment."State v. Calhoun (1999), 86 Ohio St.3d 279, 281. (Citations omitted.) The statute creating the right to postconviction relief authorizes a court of common pleas to consider a petition for postconviction filed within 180 days after the trial transcript is filed in the petitioner's direct appeal. R.C. *Page 8 2953.21(A)(2). Here, the record demonstrates that Dunn did not file his motion within 180 days after the filing of the transcript in his direct appeal.
 {¶ 15} Further, R.C. 2953.23(A)(1) permits a trial court to consider a delayed petition for postconviction relief only if both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 16} A court has no jurisdiction to entertain an untimely petition for postconviction relief unless the petitioner makes the showings required by R.C. 2953.23(A). State v. Gibson, Washington App. No. 05CA20, 2005-Ohio-5353, at ¶ 10, citing State v. Carter, Clark App. No. 03CA-11, 2003-Ohio-4838, citing State v. Beuke (1998),130 Ohio App.3d 633, and State v. Owens (1997), 121 Ohio App.3d 34; State v. McGee, Loraine App. No. 01CA007952, 2002-Ohio-4249, appeal not allowed,98 Ohio St.3d 1409, 2003-Ohio-60; State v. Hansbro, Clark App. No. 2001-CA-88, 2002-Ohio-2922. See, also, State v. Franks, Franklin App. No. 04AP-1370,2005-Ohio-5923, citing State v. Halliwell (1999), 134 Ohio App.3d 730. *Page 9 
 {¶ 17} This court has previously recognized that because the United States Supreme Court's decisions in Apprendi, Blakely, Booker, and their subsequent Ohio counterpart, Foster, did not create any new constitutional rights that apply retroactively to cases that are not on direct review, they cannot satisfy the first condition of R.C.2953.23(A)(1). State v. Barney, Meigs App. No. 05CA11, 2006-Ohio-4676. Thus, Dunn's motion fails to satisfy the first condition of R.C.2953.23(A)(1).
 {¶ 18} Even if we were to assume, arguendo, that Dunn satisfied the first condition of R.C. 2953.23(A)(1), he cannot satisfy the requirements of R.C. 2953.23(A)(1)(b) because: (1) he does not allege that, but for an constitutional error at trial, no reasonable factfinder would have found him guilty of the convicted offenses; and (2) R.C.2953.23(A)(1)(b) limits the delayed review of sentencing errors to those involving death sentences, and the trial court did not sentence Dunn to death. State v. Wilson, Lawrence App. No. 05CA22, 2006-Ohio-2049, at ¶ 15, citing State v. Barkley, Summit App. No. 22351, 2005-Ohio-1268.
 {¶ 19} To the extent that the trial court could construe Dunn's motion for resentencing as a petition for postconviction relief, it was neither timely filed, nor did it satisfy the statutory requirements for the filing of a delay petition for postconviction relief. Therefore, the trial court lacked jurisdiction to consider it as a petition for postconviction relief. Gibson, supra.
 {¶ 20} Because the trial court lacked jurisdiction to either reconsider its own valid final judgment entered on September 5, 2003, or properly consider Dunn's motion for resentencing as a petition for postconviction relief, we find that the court's May 23, 2006 *Page 10 
judgment resentencing Dunn is a nullity. Because our resolution of Dunn's first assignment of error renders his second assignment of error moot, we do not address it. See, App.R. 12(A)(1)(c). Accordingly, we sustain Dunn's first assignment of error, find Dunn's second assignment of error moot, reverse the trial court's May 23, 2006 judgment, and remand this cause to the trial court with instructions to vacate its May 23, 2006 entry and reinstate its September 5, 2003 entry. JUDGMENTREVERSED AND CAUSE REMANDED WITH INSTRUCTIONS. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE BE REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS to vacate its May 23, 2006 entry and reinstate its September 5, 2003 entry, and that costs herein be taxed to Appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. and Harsha, J.: Concur in Judgment Only. *Page 1