OPINION
{¶ 1} Defendant-appellant, Kehinde McAllister, appeals from a judgment of the Franklin County Court of Common Peas denying his motion for resentencing filed June 16, 2006. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In October 2003, the Franklin County Grand Jury indicted defendant on one count of aggravated murder and one count of kidnapping. In October 2004, defendant pled guilty to the stipulated lesser-included offense of voluntary manslaughter, and a nolle prosequi was entered as to the kidnapping count. On December 21, 2004, the trial court sentenced defendant to eight years in prison. *Page 2 
 {¶ 3} Defendant did not file a direct appeal, but on June 16, 2006, he filed in the trial court a document titled "Motion for Re-Sentencing Hearing." By said motion, defendant argued that his sentence was contrary to law, and in violation of the Supreme Court of Ohio's decision in State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. Defendant further argued that he was entitled to a resentencing hearing. The trial court construed defendant's motion as a petition for postconviction relief, and overruled the petition as untimely.
 {¶ 4} Defendant timely appeals, and sets forth the following single assignment of error for our review:
 THE TRIAL COURT IMPROPERLY DENIED A RESENTENCING HEARING FOR A SENTENCE THAT IS CONTRARY TO LAW.
 {¶ 5} Defendant argues that the trial court improperly denied his motion for resentencing because it erroneously treated his motion for resentencing as a postconviction petition pursuant to R.C. 2953.21. We disagree with that assertion.
 {¶ 6} Defendant's June 16, 2006 motion did not specify the criminal rule or statutory provision pursuant to which the motion was filed. Consequently, the trial court was required to categorize the motion in order to determine its possible merit. Furthermore, "[i]t is well-settled that a vaguely titled motion to correct or vacate a sentence * * * should be construed as a motion for post-conviction relief under R.C. 2953.21." State v. Chapman, Franklin App. No. 03AP-1208, 2004-Ohio-4222, at ¶ 4, citing State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 10 (construing State v. Reynolds,79 Ohio St.3d 158, 1997-Ohio-304, syllabus). Thus, we conclude that it was *Page 3 
not error for the trial court to construe defendant's motion challenging the validity of his eight-year prison sentence as a petition for postconviction relief pursuant to R.C. 2953.21.
 {¶ 7} R.C. 2953.21(A)(2) establishes the time limitations for filing a petition for postconviction relief. If no direct appeal is taken, a petition for postconviction relief shall be filed no later than 180 days after the expiration of the time for filing the appeal, except as provided in R.C. 2953.23. R.C. 2953.21(A)(2). Furthermore, a "trial court has no jurisdiction to entertain an untimely petition for post-conviction relief unless the petitioner demonstrates that one of the exceptions contained in R.C. 2953.23(A) applies." State v.Franks, Franklin App. No. 04AP-1370, 2005-Ohio-5923, at ¶ 7, citingState v. Halliwell (1999), 134 Ohio App.3d 730. "The burden of establishing an R.C. 2953.23(A) exception is upon the petitioner."Franks, at ¶ 7, citing State v. Poindexter (Aug. 29, 1997), Hamilton App. No. C-960780. In the case at bar, defendant did not timely pursue a direct appeal of his sentencing, and his June 16, 2006 motion was filed more than 180 days after the expiration of the time for filing the appeal. Additionally, defendant has not alleged the applicability of any of the exceptions set forth in R.C. 2953.23. Therefore, we conclude that the trial court did not err in overruling defendant's June 16, 2006 motion.
 {¶ 8} Moreover, the doctrine of res judicata precluded defendant from raising, in his June 16, 2006 motion, the alleged sentencing error. Under the doctrine of res judicata, a final judgment bars a convicted defendant from "raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Because defendant *Page 4 
could have brought his challenge to the propriety of his eight-year sentence in a direct appeal, the doctrine of res judicata bars him from asserting his sentencing challenge in any subsequent proceeding. SeeChapman, at ¶ 8. On that additional basis, we conclude that the trial court did not err in overruling defendant's June 16, 2006 motion.
 {¶ 9} Based on the foregoing, we overrule defendant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 SADLER, P.J., and BROWN, J., concur. *Page 1