[Cite as *State v. Clark*, 2018-Ohio-4168.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,           CASE NO.  8-18-10

    v.

TAMMY DIANE CLARK,          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR15-12-0330

Appeal Dismissed

Date of Decision:   October 15, 2018

APPEARANCES:

    *Samantha L. Berkhofer* for Appellant

    *Sarah J. Warren* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant, Tammy D. Clark, appeals the March 1, 2018 judgment of the Logan County Court of Common Pleas imposing a sentence of fifty-four months in prison following the revocation of her community control.

{¶2} Clark was indicted in December of 2015 for theft of drugs, a felony of the fourth degree in case number CR 15-12-330, which is the trial court proceeding underlying this appeal. Clark entered into a negotiated plea agreement wherein she tendered a guilty plea to the abovementioned theft of drugs charge and three other charges arising out case number CR 15-09-0174, which included a third degree felony domestic violence, a first degree misdemeanor petty theft, and a fourth degree misdemeanor criminal trespass. The trial court accepted Clark's guilty pleas and ordered the completion of a presentence investigation with a mental health evaluation.

{¶3} On February 6, 2017, Clark appeared for sentencing. The trial court ordered Clark to be placed on five years of community control for the fourth degree felony theft of drugs. The trial court imposed specific sanctions and conditions as part of Clark's community control. Clark was further advised by the trial court that any violation of the terms and condition of her community control could result in the trial court imposing a more restrictive sanction, including an eighteen-month prison term. The trial court specified that the eighteen-month prison term for the

theft of drugs conviction in case number CR 15-12-330 could also be imposed consecutive to the sentence in case number CR 15-09-0174, for an aggregate prison term of fifty-four months. (Doc. No. 60).

{¶4} On October 20, 2017, the State filed a motion to revoke Clark's community control and attached as an exhibit an affidavit of Clark's parole officer alleging that Clark had violated the conditions of her community control. The trial court subsequently held a hearing on the matter where Clark admitted to the violations.   Specifically, the record reflects Clark's violations of the conditions of her community control were (1) her failure to complete the Probation Incentive Program and (2) her failure to complete a drug and alcohol assessment.

{¶5} On December 18, 2017, the trial court issued a judgment entry revoking Clark's community control and imposing an eighteen-month prison term in the underlying action (CR 15-12-330) to be served consecutively to the thirty-six month sentence in case number CR 15-09-0174, for an aggregate prison term of fifty-four months.

{¶6} On February 7, 2018, Clark filed a "Motion for Resentencing Hearing," wherein her defense counsel argued that Clark's violations of the terms and conditions of her community control were "technical violations" and that R.C. 2929.15(B) had recently been amended to limit the amount of prison time a court

can impose for any technical violation of the conditions of a community control sanction for a felony of the fourth degree, such as the one in Clark's case.

**{¶7}** On March 1, 2018, the trial court held a hearing on the matter. The trial court specifically found that Clark's violations of the conditions of her community control were more than technical violations and issued a judgment entry of "resentencing" reiterating the same. The trial court imposed the same eighteen-month prison term for the underlying fourth degree felony offense in CR 15-12-330 to be served consecutively to the thirty-six month prison term in CR 15-09-0174, for an aggregate prison term of fifty-four months.

**{¶8}** Clark appealed, asserting the following assignment of error.

**WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING CLARK TO FIFTY-FOUR MONTHS [IN PRISON] FOR A COMMUNITY CONTROL VIOLATION WITHOUT PROOF OF SUBSTANTIAL NATURE [SIC].**

**{¶9}** At the outset, we note that the statutory amendment to R.C. 2929.15(B), which forms the basis of Clark's assigned error, took effect on September 29, 2017, approximately a month prior to the State filing its motion to revoke Clark's community control. However, Clark did not raise the claim that her failure to abide by the conditions of her community control amounted to a mere "technical violation" at the revocation hearing or within thirty days from the trial court's December 18, 2017 Judgment Entry revoking her community control and imposing the eighteen-month prison term. *See* App.R. 4(A)(which states that "A party shall

-4-

file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed").

{¶10} Instead, for reasons not apparent in the record, Clark waited nearly two months to file a motion with the trial court requesting it to consider the newly amended statute with respect to her sentence. Consequently, since Clark failed to raise this claim either at the revocation hearing or in a timely appeal from the judgment entry imposing the eighteen month sentence, we would question whether it is now barred by the doctrine of *res judicata*.

{¶11} This notwithstanding, we must determine whether this Court has jurisdiction to reach the merits of Clark's assigned error.

{¶12} "It is well established that a trial court cannot reconsider a valid final judgment in a criminal case." *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-041, 2018-Ohio-2249, ¶ 34, citing *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599 (1992); *Brook Park v. Necak*, 30 Ohio App.3d 118, 120 (8th Dist.1986). In essence, Clark's February 7, 2018 "Motion for Resentencing Hearing" was a motion for reconsideration of her sentence. "A motion to modify a sentence after it has begun is akin to a motion for reconsideration after a final appealable order has been rendered." *State v. Young*, 2d Dist. Montgomery No. 20813, 2005-Ohio-5584, ¶ 6.

{¶13} We further note that a motion for reconsideration of a final judgment in the trial court is a nullity and a purported judgment ruling on a motion for

reconsideration is likewise a nullity. *State v. Arega*, 10th Dist. Franklin No. 17AP-112, 2017-Ohio-5610, ¶¶ 10-14, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981); *see also State v. Dunn*, 4th Dist. No. 06CA23, 2007-Ohio-854, ¶ 12 (stating "the Ohio Rules of Criminal Procedure provide no authority for a motion for reconsideration and they, too, are a nullity").

{¶14} Thus, because a motion for reconsideration of a final order is a nullity, and all orders from said motion are also a nullity and not subject to appeal, the trial court's March 1, 2018 Judgment Entry overruling Clark's "Motion for Resentencing Hearing" in the present case is not a final, appealable order. Accordingly, due to the fact that the trial court's March 1, 2018 Judgment Entry was not a final, appealable order, this Court is without jurisdiction to entertain an appeal from that judgment. Therefore, Clark's appeal must be dismissed.

{¶15} Accordingly, Clark's single assignment of error is rendered moot and we dismiss the appeal.

***Appeal Dismissed***

**ZIMMERMAN and PRESTON, J.J., concur.**

**/jlr**