[Cite as *State v. Goodrich*, 2024-Ohio-5336.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-110 |
| v. | : | (C.P.C. No. 19CR-2908) |
| Cameron B. Goodrich, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 7, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Paula M. Sawyers*, for appellee.

**On brief:** *Cameron B. Goodrich*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Defendant-appellant, Cameron B. Goodrich ("Goodrich"), appeals the judgment of the Franklin County Court of Common Pleas, which denied his motion to vacate or set aside judgment. For the following reasons, we affirm the trial court's judgment.

**I. PROCEDURAL HISTORY AND FACTS**

{¶ 2} The circumstances of this appeal and Goodrich's conviction arise from an altercation between Goodrich and his uncle, Dino Goodrich. Dino and Goodrich argued at a bar, and then later at the home they shared, when Goodrich swung a bat at Dino, striking him multiple times and ultimately causing his death.

{¶ 3} On June 13, 2019, Goodrich was indicted for one count of aggravated murder, a violation of R.C. 2903.01, an unclassified felony, and two counts of murder in violation of R.C. 2903.02, both unclassified felonies. On February 19, 2020, Goodrich signed an entry

of guilty plea form wherein he pled guilty to the lesser-included offenses of one count of voluntary manslaughter, a violation of R.C. 2903.03, a felony of the first degree, and one count of felonious assault, a violation of R.C. 2903.11, a felony of the second degree.

{¶ 4}    On February 20, 2020, the trial court held a sentencing hearing pursuant to R.C. 2929.19 at which Goodrich was represented by counsel.  On February 21, 2020, the trial court imposed the following sentence:

> As to Count One, an indefinite term consisting of a minimum of Ten (10) years with a maximum term of up to Fifteen (15) years; as to Count Three, an indefinite term consisting of a minimum of Five (5) years with a maximum term of Seven and a half (7.5) years.  Total aggregate term: An indefinite term consisting of a minimum of Fifteen (15) years in prison with a maximum term of up to Twenty (20) years at the OHIO DEPARTMENT OF REHABILITATION AND CORRECTION. Counts One and Three shall not merge for purposes of sentencing.  Counts One and Three shall run consecutively.

(Emphasis omitted.)  (Feb. 21, 2020 Jgmt. Entry at 2.)

{¶ 5}    Goodrich did not file an appeal of his conviction.  However, on June 16, 2023, Goodrich filed a motion to vacate or set aside judgment pursuant to R.C. 2953.21 and Crim.R. 32.1 and a motion of waiver pursuant to Crim.R. 43(A)(2).  Goodrich argued that the trial court erred in imposing separate sentences for the voluntary manslaughter and felonious assault because they were allied offenses of similar import under R.C. 2941.25. Goodrich also argued that his guilty pleas were not knowing, intelligent, and voluntary, and that his trial counsel failed to inform him that imposition of individual sentences was possible, depriving him of the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

{¶ 6}    On January 23, 2024, the trial court denied Goodrich's motion to vacate or set aside judgment.  On February 12, 2024, Goodrich filed this appeal of the trial court's decision denying his motion.

## II.  ASSIGNMENTS OF ERROR

{¶ 7}    Goodrich argues the following assignments of error:

> (1)  The trial court erred in imposing separate sentences for the voluntary manslaughter and felonious assault relating to Dino because they were allied offenses of similar import under R.C. 2941.25.

(2) Defendant contests that his guilty pleas were not knowing, intelligent, or voluntary.

(3) Defendant contends his trial counsel's failure to inform him imposition of single sentences was possible for voluntary manslaughter and felonious assault involving Dino on the basis that the offenses were allied offenses deprived him of the right to the effective assistance of counsel as guaranteed by the Sixth Amendment.

## III. LEGAL ANALYSIS

{¶ 8} Before we turn to Goodrich's assignments of error, we first consider whether his postconviction motion was untimely. R.C. 2953.21(J) provides that postconviction relief "is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." This court has repeatedly recognized that a motion "[seeking] to correct or vacate sentence should be construed as a motion for postconviction relief under R.C. 2953.21." *State v. Banks*, 10th Dist. No. 12AP-96, 2012-Ohio-3770, ¶ 6, citing *State v. Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, ¶ 6; *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997); *State v. McAllister*, 10th Dist. No. 06AP-843, 2007-Ohio-1816, ¶ 6; and *State v. Holdcroft*, 3d Dist. No. 16-06-07, 2007-Ohio-586, ¶ 11.

{¶ 9} In *Banks*, this court further recognized that, pursuant to R.C. 2953.21(A), a motion for postconviction relief must be filed within R.C. 2953.21(A)(2) statutory deadline after the expiration of the time for filing an appeal. *Banks* at ¶ 8. *See also* R.C. 2953.21(A)(2)(a) ("If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal."). Accordingly, a trial court lacks jurisdiction to entertain an untimely petition for postconviction relief unless the petition demonstrates that an exception provided in R.C. 2953.23(A) applies. *Banks* at ¶ 9; *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36; *State v. Britford*, 10th Dist. No. 19AP-361, 2020-Ohio-4659, ¶ 17.

{¶ 10} Here, Goodrich filed his motion to vacate or set aside judgment over three years after his conviction, and therefore his motion is untimely. Goodrich does not argue that any of the exceptions in R.C. 2953.23 applies to allow an untimely motion. Additionally, " ' "[u]nder the doctrine of res judicata, a final judgment of conviction bars a

convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." ' " (Emphasis omitted.) *State v. Scudder*, 131 Ohio App.3d 470, 476 (10th Dist.1998), quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. As Goodrich could have raised these arguments on direct appeal, but did not, we find that Goodrich's arguments here are similarly barred by the doctrine of res judicata.

## IV. CONCLUSION

{¶ 11} The trial court correctly denied Goodrich's motion, as it was an untimely petition for postconviction relief over which the trial court lacked jurisdiction. Furthermore, appellant's claims are barred by the doctrine of res judicata. All three of Goodrich's assignments of error are overruled, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL, P.J., and BEATTY BLUNT, J., concur.

———————