[Cite as *State v. Bruce*, 2016-Ohio-7132.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                         :

    Plaintiff-Appellee,                          :

                                        No. 16AP-31

v.                                                    :     (C.P.C. No. 13CR-55)

Michael R. Bruce,                                     :     (REGULAR CALENDAR)

    Defendant-Appellant.                         :

---

D E C I S I O N

Rendered on September 30, 2016

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Michael R. Bruce*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Michael R. Bruce, appeals the October 19, 2015 judgment of the Franklin County Court of Common Pleas that denied his motion to withdraw his guilty plea.

## I. Facts and Procedural History

{¶ 2} On January 4, 2013, a Franklin County Grand Jury filed an indictment charging appellant with six criminal counts: three counts of rape, in violation of R.C. 2907.02, felonies of the first degree; two counts of kidnapping, in violation of R.C. 2905.01, felonies of the first degree; and one count of gross sexual imposition, in violation of R.C. 2907.05, a felony of the third degree. On October 21, 2013, appellant entered a plea of guilty to two counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, both felonies of the third degree. The entry of guilty plea specified that both

offenses were lesser-included offenses of the counts of rape. On November 26, 2013, the trial court filed a judgment entry finding appellant guilty of the charges to which the plea was entered and imposing a sentence of five years incarceration on each count, to be served concurrently. The trial court also imposed a Tier II sexual offender classification and a mandatory five year period of postrelease control.

{¶ 3} On July 31, 2015, appellant filed a motion to withdraw his guilty plea. On October 19, 2015, the trial court filed a decision and entry denying appellant's motion to withdraw his guilty plea. On November 24, 2015, appellant filed a notice of appeal from the October 19, 2015 judgment. On December 10, 2015, this court dismissed appellant's appeal for being filed outside the time allowed by App.R. 4(A). On January 15, 2016, appellant filed, pursuant to App.R. 5(A), a motion for leave to appeal the October 15, 2015 judgment. On March 29, 2016, we granted appellant's motion for leave to appeal. *State v. Bruce*, 10th Dist. No. 16AP-31 (Mar. 29, 2016) (memorandum decision).

## II. Assignment of Error

{¶ 4} Appellant appeals and assigns the following single assignment of error for our review:

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT A HEARING.

## III. Discussion

{¶ 5} In his assignment of error, appellant asserts the trial court abused its discretion by denying appellant's motion to withdraw his guilty plea without a hearing.

{¶ 6} Crim.R. 32.1 governs motions to withdraw pleas and provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant seeking to withdraw a guilty plea after a sentence has been imposed bears the burden of establishing that manifest injustice exists with reference to specific facts contained in the record or supplied through affidavits submitted in support of the motion. *State v. Chandler*, 10th Dist. No. 13AP-452, 2013-Ohio-4671, ¶ 6; *State v. Nelson*, 10th Dist. No. 11AP-720, 2012-Ohio-1918, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. " 'Manifest injustice relates to some fundamental flaw in the proceedings which

result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' " *Nelson* at ¶ 11, quoting *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5.

{¶ 7}   "A trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a guilty plea." *Chandler* at ¶ 7, citing *State v. Spivakov*, 10th Dist. No. 13AP-32, 2013-Ohio-3343, ¶ 11, citing *State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 9. "A hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *Chandler* at ¶ 7.  The decision of whether to hold a hearing on a post-sentence motion to withdraw a guilty plea is left to the sound discretion of the trial court. *Id.* at ¶ 8, citing *Smith* at paragraph two of the syllabus.

{¶ 8}   We review the denial of a post-sentence motion to withdraw a guilty plea for abuse of discretion. *State v. Porter*, 10th Dist. No. 11AP-514, 2012-Ohio-940, ¶ 20; *Nelson* at ¶ 12.  "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.)  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9}   In the present case, appellant contends he was entitled to an evidentiary hearing because the offenses to which he entered a plea of guilty were not lesser-included offenses of the offenses charged in the indictment.  In response, plaintiff-appellee, State of Ohio, contends that appellant voluntarily waived his right to indictment by entering a guilty plea.

{¶ 10} In *State v. Wooden*, 10th Dist. No. 02AP-473, 2002-Ohio-7363, this court reviewed a claim that the defendant's constitutional rights were violated because "the crimes to which he pled guilty, corruption of a minor under R.C. 2907.04, are not lesser-included offenses of the crimes for which he was indicted, rape under R.C. 2907.02." *Id.* at ¶ 11.  In that case, we noted that corruption of a minor under R.C. 2907.04 was not a lesser-included offense of the crime for which the defendant was indicted, rape under R.C. 2907.02.  Nevertheless, we applied the Supreme Court of Ohio's holding in *Stacy v. Van Coren*, 18 Ohio St.2d 188 (1969), to find that the "[defendant's] actions in voluntarily entering a plea of guilty to two counts of corruption of a minor while represented by counsel, constituted a waiver of his constitutional right to indictment." *Wooden* at ¶ 15.

{¶ 11} Here, like in *Wooden*, appellant knowingly, intelligently, and voluntarily entered a plea to the two counts of unlawful sexual conduct with a minor while represented by counsel. At the plea hearing on October 21, 2013, the following dialogue occurred:

[Assistant Prosecutor]: The original indictment was three counts of rape, felonies of the first degree; two counts of kidnapping, felony of the first degree; and one count of gross sexual imposition, a felony of the third degree. [Appellant] entered a general plea of not guilty at arraignment and wishes to withdraw it and plead guilty to a stipulated lesser included offense of Count 1, unlawful sexual conduct with a minor in violation of [R.C.] 2907.04, it's a felony of the third degree. He's also pleading guilty to the stipulated lesser included offense of Count 4, unlawful sexual conduct with a minor, in violation of [R.C.] 2907.04, also a felony of the third degree.

* * *

[The Court]: [Appellant], did you sign this plea form, sir?

[Appellant]: Yes, ma'am.

[The Court]: Did you read and understand it and have your attorney explain it to you before you signed it?

[Appellant]: Yes, ma'am.

[The Court]: So you know when you sign this form, you're changing your previously entered not guilty plea and pleading guilty to two F-3s, each carry a maximum possible prison sentence of five years, maximum possible fine on each count of $10,000. Do you understand that?

[Appellant]: Yes, ma'am.

* * *

[The Court]: These are a rendition of your rights as a Defendant in this case, do you understand them?

[Appellant]: Yes, ma'am.

[The Court]: Do you understand you're waiving these rights when you enter a guilty plea?

[Appellant]: Yes, ma'am.

[The Court]: Are you waiving these rights and entering this plea knowingly, intelligently and voluntarily?

[Appellant]: Yes, ma'am.

(Oct. 21, 2015 Tr. at 7-10.)   Thus, appellant knowingly, intelligently, and voluntarily entered a plea of guilty to the offenses of unlawful sexual conduct with a minor as stipulated.   Furthermore, in the entry of guilty plea, which was signed by appellant and his counsel, appellant stated that "I understand that my guilty plea(s) to the crime(s) specified constitute(s) both an admission of guilt and a waiver of any and all constitutional, statutory, or factual defenses with respect to such crime(s) and this case." (Oct. 21, 2013 Entry of Guilty Plea.)

{¶ 12} Therefore, we find appellant's actions in knowingly, intelligently, and voluntarily entering a plea to two counts of unlawful sexual conduct with a minor while represented by counsel constituted a waiver of his constitutional right to an indictment on the offenses to which he pled.   *Wooden* at ¶ 15; *State v. Green*, 12th Dist. No. CA2014-12-247, 2015-Ohio-2576, ¶ 25 (finding that the "appellant's actions in voluntarily entering a plea of guilty to two counts of rape in violation of R.C. 2907.02(A)(1)(c) while represented by counsel constituted a waiver of his constitutional right to indictment").   As a result, we find the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.

{¶ 13} Accordingly, we overrule appellant's sole assignment of error.

**IV.  Conclusion**

{¶ 14} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____