[Cite as *State v. Battin*, 2018-Ohio-2533.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 17AP-911 |
| | | (C.P.C. No. 15CR-835) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| James L. Battin, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 28, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *James L. Battin,* pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, James L. Battin, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion to vacate his conviction and sentence and dismiss his indictment. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} By indictment filed February 18, 2015, plaintiff-appellee, State of Ohio, charged Battin with one count of kidnapping in violation of R.C. 2905.01, a first-degree felony; and one count of rape in violation of R.C. 2907.02, a first-degree felony. Both charges contained accompanying firearm specifications pursuant to R.C. 2941.145(A).

{¶ 3} Battin ultimately entered into a plea agreement with the state in which he entered a guilty plea to the stipulated lesser-included offense of felonious assault, a second-degree felony, and the accompanying three-year firearm specification. The plea agreement

included a jointly recommended aggregate sentence of seven years in prison.  Following a March 16, 2016 hearing, the trial court imposed the jointly recommended sentence of seven years, journalizing Battin's convictions and sentence in a March 21, 2016 judgment entry. Battin did not file a timely direct appeal from his conviction.

{¶ 4}   More than one year later, on September 26, 2017, Battin filed a pro se motion to vacate his conviction and sentence.  Battin argued the trial court must vacate his conviction and dismiss his indictment on the grounds that felonious assault is not a lesser-included offense of rape.  Thereafter, Battin filed several miscellaneous pleadings.  The state filed a memorandum contra Battin's motion to vacate his conviction and sentence, arguing the trial court should construe Battin's motion as an untimely, successive post-conviction petition and deny the petition.

{¶ 5}   In a November 28, 2017 decision and entry, the trial court denied Battin's motion to vacate his conviction and sentence.  The trial court concluded the doctrine of res judicata barred Battin's arguments and was untimely under R.C. 2953.21(A)(2).  Following the trial court's decision and entry, on December 5, 2017, Battin filed a memorandum in support of a motion for an evidentiary hearing on his motion to vacate his conviction and sentence.  The trial court issued an entry on December 21, 2017 denying Battin's motion for an evidentiary hearing, noting it had already denied Battin's motion to vacate his conviction and sentence.

{¶ 6}   On December 27, 2017, Battin filed a notice of appeal and sought leave to file a delayed appeal from the trial court's March 21, 2016 judgment entry to challenge his convictions.  This court denied Battin's motion for delayed appeal.  *State v. Battin*, 10th Dist. No. 17AP-910 (Jan. 23, 2018) (memorandum decision).

{¶ 7}   Also on December 27, 2017, Battin filed a timely notice of appeal from the trial court's November 28, 2017 entry denying his motion to vacate.

## II.  Assignments of Error

{¶ 8}   Battin assigns the following errors for our review:

> [1.] <u>Unlawful Lesser Included Offense Charge</u> The Trial Court committed plain error Crim.R. 52(B) by accepting a plea to an offense of a lesser included offense which was held *not to be* a lesser included offense.

[2.] <u>Violation of Due Process Rights</u>  The Court of Appeals, Eight Appellate District, has ruled that the acceptance of a guilty plea violates *due process* where three conditions are met, (1) the defendant pleads to an offense which is *not* a lesser included offense of the charged crime in the indictment; (2) there is a failure to explain the additional elements of the offense to which the defendant will plead; and (3) under the facts of the indictment, the defendant could not have committed nor been convicted of the offense.

[3.] <u>Breac[h]ed Plea Agreement</u> The plea agreement has the wording *'**stipulated**'* lesser included offense. The validity and constitutionality aspects comes into review of the performance of the breached plea agreement in case at bar.

[4.] <u>Lack of Properly Filed Charging Document</u> Whereas the Appellant was not convicted of a lesser included offense of a offense *GREATER* than, or of a allied offense of similar import, that LEGALLY CONSTITUTED a lesser included offense charge of Felonious Assault, the State of Ohio was required to either refile the indictment with the offense of Felonious Assault included or file a Information charging the Appellant with the offense of Felonious Assault.

[5.] <u>Ineffective Assistance of Counsel</u>  The Constitution requires that a defendant's plea be voluntarily, knowingly and intelligently. Trial Counsel being ineffective may in fact prevent a Defendant from actually entering into a voluntarily, knowingly and intelligently contractual plea agreement, since the defendant is a layman who depended on the assistance of a knowledgeable and admitted attorney.

## III.  Standard of Review and Applicable Law

{¶ 9}   " '[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.' " *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58. Further, we review a trial court's decision to deny a postconviction petition without a hearing under an abuse of discretion standard.  *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 11, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305,

¶ 14.  An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable.  *Boddie* at ¶ 11, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} As a general matter, a petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment.  *Sidibeh* at ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994).  A petition for postconviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' "  *Sidibeh* at ¶ 8, quoting *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000).  Thus, a postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction.  *Sidibeh* at ¶ 8, citing *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 23.  Instead, R.C. 2953.21 affords a petitioner postconviction relief " 'only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution.' "  *Sidibeh* at ¶ 8, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph four of the syllabus.

{¶ 11} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief must be filed no later than 365 days after the expiration of the time for filing an appeal.  A trial court may not entertain an untimely postconviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation.  R.C. 2953.23(A)(1)(a).  If the petitioner can satisfy one of those two conditions, he must also demonstrate that but for the constitutional error at trial no reasonable finder of fact would have found him guilty.  R.C. 2953.23(A)(1)(b).  These requirements are jurisdictional.  *See State v. Hollingsworth*, 10th Dist. No. 08AP-785, 2009-Ohio-1753, ¶ 8.

{¶ 12} The doctrine of res judicata places another significant restriction on the availability of postconviction relief.  *Sidibeh* at ¶ 12.  " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from

that judgment.' " (Emphasis omitted.)  *State v. Cole*, 2 Ohio St.3d 112, 113 (1982), quoting *Perry* at paragraph nine of the syllabus.  "Res judicata also implicitly bars a petitioner from 're-packaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal."  *Hessler* at ¶ 27.

{¶ 13} Further, a petitioner is not automatically entitled to an evidentiary hearing on a postconviction petition.  *Sidibeh* at ¶ 13, citing *State v. Jackson*, 64 Ohio St.2d 107, 110-13 (1980).  To warrant an evidentiary hearing, the petitioner bears the initial burden of providing evidence demonstrating a cognizable claim of constitutional error.  *Sidibeh* at ¶ 13, citing R.C. 2953.21(C); *Hessler* at ¶ 24.  The trial court may deny the petitioner's postconviction petition without an evidentiary hearing "if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief."  *Sidibeh* at ¶ 13, citing *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus.

## IV.  First, Second, Third, Fourth, and Fifth Assignments of Error – Petition for Postconviction Relief

{¶ 14} Battin's five assignments of error are interrelated, and we address them jointly.  Taken together, these assignments of error assert the trial court erred in denying his motion to vacate his conviction and sentence.

{¶ 15} In his five assignments of error, Battin raises arguments he sought to litigate in his motion to vacate his conviction and sentence.  We agree with the state and the trial court in their construing Battin's motion as an untimely petition for postconviction relief. *State v. Chavis*, 10th Dist. No. 15AP-557, 2015-Ohio-5549, ¶ 13 (construing a motion to vacate a void judgment as a petition for postconviction relief), citing *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12 (noting "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged").

{¶ 16} As we outlined above, there are certain limits to an untimely petition for postconviction relief.  R.C. 2953.23(A).  A trial court lacks jurisdiction to entertain an untimely or successive petition for postconviction relief unless the petitioner establishes that one of the exceptions in R.C. 2953.23(A) applies.  *State v. Campbell*, 10th Dist. No. 12AP-109, 2012-Ohio-5195, ¶ 9.  As applicable here, a trial court may not entertain an

untimely postconviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation.  R.C. 2953.23(A)(1)(a).  If the petitioner can satisfy one of those two conditions, he must also demonstrate that but for the constitutional error at trial, no reasonable finder of fact would have found him guilty.  R.C. 2953.23(A)(1)(b).

{¶ 17} Here, Battin does not assert that the United States Supreme Court has recognized a new federal or state right that applies retroactively to his situation.  Therefore, the court "may not entertain" Battin's untimely postconviction petition unless he demonstrates (1) that he was unavoidably prevented from discovering the facts necessary for his claim for relief, and (2) that but for a constitutional error, no reasonable factfinder would have found him guilty.

{¶ 18} In denying Battin's untimely postconviction petition, the trial court noted Battin did not satisfy the requirements of R.C. 2953.23(A) that would allow the court to entertain his untimely petition.  Battin did not set forth any explanation for his delay in seeking relief.  Moreover, the arguments in his conviction were based exclusively on an alleged error in his plea agreement and not on any facts outside the record.  Thus, Battin did not demonstrate that he was unavoidably prevented from discovering the facts necessary for his claim for relief.

{¶ 19} Because Battin failed to establish the applicability of an exception that would allow the trial court to consider his untimely postconviction petition, the trial court lacked jurisdiction to entertain Battin's petition.  *State v. Ruark*, 10th Dist. No. 15AP-142, 2015-Ohio-3206, ¶ 14, citing *State v. Russell*, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 7.  Therefore, the trial court did not err in denying Battin's petition.  Further, because the trial court lacked jurisdiction to consider Battin's petition, it was not required to hold an evidentiary hearing.  *Ruark* at ¶ 14, citing *State v. Burke*, 10th Dist. No. 02AP-677, 2002-Ohio-6840, ¶ 19.

{¶ 20} For these reasons, we overrule Battin's first, second, third, fourth, and fifth assignments of error.

## V.  Disposition

{¶ 21}  Based on the foregoing reasons, the trial court did not err in denying Battin's untimely petition for postconviction relief. Having overruled Battin's five assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.