[Cite as *State v. Pattin*, 2018-Ohio-3947.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-402 |
| v. | : | (C.P.C. No. 15CR-835) |
| James L. Battin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 27, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *James L. Battin*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, James L. Battin, appeals a May 29, 2018 decision of the Franklin County Court of Common Pleas in which the court denied Battin's motion to vacate his sentence. Because we find that the trial court, in denying Battin's motion to correct a void sentence, acted in accord with our jurisdiction over an appeal from a prior decision on a prior motion to vacate, we overrule Battin's second assignment of error. Because Battin was legally permitted to plead guilty to an offense for which he had not been indicted, we also overrule Battin's first assignment of error. We therefore affirm the trial court's decision.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 18, 2015, Battin was indicted for one count of kidnapping and one count of rape, each with associated firearm specifications. (Feb. 18, 2018 Indictment.) He initially pled "not guilty." (Feb. 20, 2015 Plea Form.) Approximately one year later, on

March 16, 2016, Battin pled to one count of felonious assault with a gun specification as a "stipulated lesser included offense" of the original rape count, and the kidnapping charge was dismissed. (Mar. 16, 2016 Plea Form at 1-2.) The parties agreed to jointly recommend a sentence of four years for the felonious assault and three years for the gun specification for a total term of seven years imprisonment. *Id.* at 1. The trial court imposed the recommended sentence by judgment entry on March 21, 2016. (Mar. 21, 2016 Jgmt. Entry at 1-2.)

{¶ 3} One and one-half years later Battin began to file a lengthy series of motions and other papers in the trial court and this Court all seeking to have his conviction vacated or overturned and his plea withdrawn. *See, e.g.,* Sept. 26, 2017 Mot. to Vacate; Nov. 28, 2017 Decision & Entry; *State v. Battin*, 10th Dist. No. 17AP-910 (Jan. 23, 2018) (memorandum decision); *State v. Battin*, 10th Dist. No. 17AP-911, 2018-Ohio-2533. One such motion was a motion to vacate his conviction, filed on September 26, 2017. (Sept. 26, 2017 Mot. to Vacate.) The trial court denied this motion on November 28, 2017. (Nov. 28, 2017 Decision & Entry.) Battin appealed on December 27, 2017, and the appeal was still pending both when Battin filed a motion to correct an illegal sentence on May 16, 2018, and when the trial court denied that motion on May 29, 2018. (May 16, 2018 Mot. to Correct Sentence; May 29, 2018 Decision & Entry.) *State v. Battin*, 2018-Ohio-2533, ¶ 4.

{¶ 4} In the May 16, 2018 motion that is the subject of this appeal, Battin argued that felonious assault is not a lesser-included offense of rape and that he was never indicted for felonious assault. (May 16, 2018 Mot. to Correct Sentence at 2-5.) Battin asserted this as a basis for his argument that his conviction was void and subject to challenge at any time irrespective of the principles of res judicata. *Id.* The trial court disagreed, and Battin now appeals on that issue and also challenges the trial court's jurisdiction to have ruled on the motion while his appeal was still pending on the September 26, 2017 motion to vacate. (May 29, 2018 Decision & Entry; Battin Brief at ix.)

## II. ASSIGNMENTS OF ERROR

{¶ 5} Battin assigns two errors for review:

> [1.] The trial court committed plain error overruling the Appellant's motion to correct illegal sentence as void.
>
> [2.] Trial court was divested of jurisdiction to rule on the may 16, 2018 "M*otion to Correct Illegal Sentence."*

(Sic passim.)  We consider the jurisdictional challenge first.

## III.  DISCUSSION

### A.  Second Assignment of Error – Whether the Trial Court Erred in Ruling on Battin's May 16 Motion Despite a Pending Appeal on a Similar Issue

{¶ 6}   Once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.  *State ex rel. Sullivan v. Ramsey*, 124 Ohio St.3d 355, 2010-Ohio-252, ¶ 17.  Consequently, while a trial court may not modify a decision being appealed or proceed to adjudicate claims that may be affected by the appeal, where a stay of proceedings has not been requested, the trial court retains jurisdiction to take actions consistent with the decision being appealed.  *Id.* at ¶ 19; *see also State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, ¶ 13-18.  Denying a subsequent motion to correct an illegal or void sentence was consistent with the trial court's denial of the prior motion to vacate and did not modify, affect, or impair our ability to consider the propriety of the trial court's original ruling on the motion to vacate.  We could still have reversed the trial court (in which case, on remand, the trial court could still have granted the motion to vacate) or we could have and did affirm.  *Battin*, 2018-Ohio-2533.   Consequently, we do not agree that the trial court was without jurisdiction to deny the motion that is the subject of this appeal while the appeal in *Battin*, 2018-Ohio-2533, was pending.

{¶ 7}   Battin's second assignment of error is overruled.

### B.  First Assignment of Error – Whether the Trial Court Erred in Denying the Motion to Correct the Allegedly Illegal and Void Sentence

{¶ 8}   Battin argues that his conviction must be vacated because felonious assault is not a lesser-included offense of rape and because he was never indicted for felonious assault.  (Battin Brief at 2-21.)  We agree that felonious assault is not a lesser-included offense of rape.  *See State v. Hay*, 3d Dist. No. 14-2000-24, 2000 Ohio App. LEXIS 5951, *11 (Dec. 19, 2000); *State v. Jones*, 83 Ohio App.3d 723, 738 (2d Dist.1992); *see also State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, paragraph two of the syllabus; *Ohio v. Deem*, 40 Ohio St.3d 205 (1988), paragraph three of the syllabus.  It is also clear from the record that Battin was not indicted for felonious assault.  (Feb. 18, 2015 Indictment.)

{¶ 9} However, it is perfectly permissible to agree to plead guilty to a crime that has not been indicted. *State v. Long*, 10th Dist. No. 83AP-444, 1984 WL 5914, 1984 Ohio App. LEXIS 10927, *13 (Sept. 27, 1984), citing *Stacy v. Van Coren*, 18 Ohio St.2d 188 (1969). An indictment is merely a finding by a grand jury that there is probable cause to believe an individual committed a particular offense. *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, ¶ 39. A plea of guilty constitutes a complete admission that the individual actually committed the offense in question (which encompasses the question of whether there is probable cause to believe the individual committed the offense). Crim.R. 11(B)(1). By pleading guilty to felonious assault, Battin was agreeing that he was guilty of felonious assault, which obviated the need for a jury to adjudicate him guilty or for a grand jury to find probable cause to prosecute him for that offense.

{¶ 10} The fact that Battin was not indicted for the offense to which he chose to plead as part of a plea agreement does not render his conviction void or create grounds to vacate his conviction. His first assignment of error is overruled.

## IV. CONCLUSION

{¶ 11} The trial court acted consistently with our power to reverse, modify, or affirm the trial court's decision on a prior motion to vacate when it denied a subsequent motion to correct a void sentence. Battin was legally permitted to plead guilty to an offense for which he had not been indicted. We therefore overrule both of Battin's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.