[Cite as *State v. Johnson*, 2019-Ohio-2409.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 18AP-821 |
| | | (C.P.C. No. 96CR-3758) |
| Jose Johnson, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on June 18, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Jose Johnson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Jose Johnson, appeals a decision and entry of the Franklin County Court of Common Pleas entered on June 7, 2018 denying his motion to vacate judgment of conviction, for appointment of counsel, and for expert assistance. We affirm for the reason that follows.

{¶ 2} For ease of analysis, we incorporate our two previous decisions on this case in their entirety herein. *See State v. Johnson*, 10th Dist. Franklin No. 97APA03-315, 1998 Ohio App. LEXIS 2069; *see also State v. Johnson*, 10th Dist. Franklin No. 16AP-843 (July 17, 2017).

{¶ 3} Relevantly, after the later decision issued, Johnson filed a motion to vacate his convictions. The trial court promptly denied that motion. Thereafter, on May 22, 2018, Johnson lodged another motion to vacate his convictions. The trial court denied that motion on June 7, 2018 based upon timeliness and res judiciata considerations. It is from that decision that Johnson now appeals.

## I. ASSIGNMENTS OF ERROR

{¶ 4} We provide verbatim Johnson's four assignments of error:

[A.] Abuse of Discretion by the Trial Court. The Trial Court did abuse it's discretion in its denial of the Appellant's May 22nd, 2018 postconviction petition. Filed under The O.R.C. 2953.23(A)(!1 (a) & (b), & (A)(2). In which the Petitioner's request for an evidentiary hearing, appointment of counsel, expert witness, and the vacation of the Appellant's conviction(s). Were denied as un-timely and barred by "*Res judicata.*" In violation of The Constitution of the United States of America, Amendment(s) 6, & 14; and The Constitution of The State of Ohio, Article I, sections 1, 10, & 16.

[B.] Prosecutorial Misconduct. The State, represented by The Franklin County prosecutor's. Did knowingly withhold exculpatory evidence from the Defendant-Appellant and the Trial Court, in violation of the O.R.C. Crim. P. Rule 16. The State also knowingly submitted falsified reports, to the Trial Court. In which the State relied upon said report, as competent and reliable confirmatory evidence. This evidence was used to influence the Courts decision to deny the Appellant – Defendant's postconviction petition. In doing so, the State did knowingly violate scientific and Federal rules and guidelines. As they relate to acceptable forensic DNA testing methods, procedures, and specific outcome analysis results. In violation of The Constitution of the United States of America, Amendment(s) 6, & 14; and The Constitution of The State of Ohio, Article I, sections 1, 10, & 16.

[C.] Insufficient Evidence. The State's misrepresented, incomplete, and false report. Submitted to the Court(s), as probative, competent, and reliable evidence. In confirmation of the State's previous inconclusive forensic's DNA testing and analysis results; of June 21st, 1996. Are in violation of acceptable scientific and Federal standards of the SWGDAM

guidelines 1, 2, 3, & 4; and the Q.A.S. guidelines 1, 2, 3, 5, 7, 78, 9 & 11, . Mandated by the forensic's community and, Federal Rules and Statutes. In so doing, they also violate The O.R.C. Rules of Evidence 101, 104(B), 702(B), 901(A) & (B)(3)(4)(9) & (10). In violation of The Constitution of the United States of America, Amendment(s) 6, & 14; and The Constitution of The State of Ohio, Article I, sections 1, 10, & 16.

[D.] Ineffective Assistance of Counsel, and Appellate Counsel. Appointed Defense Counsel, was ineffective in the defense of the Appellant – Defendant, at the time of the Defendant(s) trial proceedings. As appointed defense counsel, did receive funding from the Court, and a continuance. To provide for forensic's DNA testing and/or an expert witness, on the behalf of the Defendant. Which the appointed Defense Counsel failed to do, in both regards. Appellant's, appointed Appellate – Defense Counsel, was also ineffective. As Appellate – Defense Counsel failed to raise these issue's as assignment(s) of error, in the Appellant's direct appeal. These violations by the Defense and Appellate – Defense Counsel. Did cause prejudice, and did deprive the Appellant of this constitutional right to a Fair Trial, and the right to Redress from the Court, in violation of his Constitutional right's of Due Process. In violation of The Constitution of the United States of America, Amendment(s) 6, & 14; and The Constitution of The State of Ohio, Article I, sections 1, 10, & 16.

## II. ANALYSIS

{¶ 5}   Initially, Plaintiff-appellee, State of Ohio, argues the trial court correctly concluded it lacked jurisdiction to entertain Johnson's motions to vacate. As grounds, the State asserts Johnson's noted filings had to be dated on or before August 27, 1998 under R.C. 2953.21(A)(1) and (2). Because Johnson's motions are time-stamped in January and May 2018, the State urges us to affirm the trial court's denial of Johnson's post-petition motions. Johnson bypasses replying to this contention.

{¶ 6}   " 'We review a trial court's decision to deny a postconviction petition without a hearing under an abuse of discretion standard.' " *State v. Battin*, 10th Dist. Franklin No. 17AP-911, 2018-Ohio-2533, ¶ 9, quoting *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-

Ohio-3925, ¶ 11, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14. " 'An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable.' " *Battin*, 2018-Ohio-2533, ¶ 9, quoting *Boddie* at ¶ 11, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 5 Ohio B. 481, 450 N.E.2d 1140 (1983).

{¶ 7} Pursuant to R.C. 2953.21(A)(2), a postconviction petition for relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." Here, the trial transcript for Johnson's direct appeal was filed on August 27, 1997, but he did not lodge his postconviction petitions until January and May 2018, well past the noted deadline.

"In general, a court lacks jurisdiction to entertain a petition filed after the time limits of R.C. 2953.21(A)(2)." *State v. Myers*, 10th Dist. Franklin No. 05AP-228, 2005-Ohio-5998, ¶ 28, 29, 34. Limited exceptions to this rule exist. Relevantly, the trial court in this case could only entertain Johnson's untimely postconviction petition if he had established both that (1) "[he] was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief * * *" and (2) "but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted * * *" R.C. 2953.23(A)(1). He must prove the later determination by clear and convincing evidence. *Id.*

{¶ 8} The record before us illustrates Johnson's failure to sustain his burden. Specifically, he does not offer any excuse for his delay in filing his postconviction petitions, and the record is devoid of any basis which prohibited him from filing his petition within the deadline set forth in R.C. 2953.21(A)(2). Due to his failure to establish the first part of his burden under R.C. 2953.23, we hold that the illuminated exception does not apply and

that the trial court lacked jurisdiction to entertain Johnson's untimely January and May 2018 postconviction petitions. As our jurisdictional determination proves dispositive, we refrain from addressing the parties' remaining contentions. Johnson's four assignments of error are thus overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BRUNNER and NELSON, JJ., concur.