[Cite as *State v. Battin*, 2019-Ohio-5001.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,              :

                                No. 19AP-485

v.                                               :             (C.P.C. No. 15CR-835)

James L. Battin,                                 :             (REGULAR CALENDAR)

      Defendant-Appellant.             :

_____

D E C I S I O N

Rendered on December 5, 2019

_____

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Kimberly M. Bond,* for appellee.

**On brief:** *James L. Battin,* pro se.

_____

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} In his return here on this case, James L. Battin appeals the trial court's June 26, 2019 denial of his June 12, 2019 "Motion to Correct Illegal and Void Sentence." For reasons that overlap with some of our previous rulings in this matter, we will affirm the judgment of the trial court.

{¶ 2} Mr. Battin acknowledges that after he was sentenced pursuant to his guilty plea and agreed sentence proposal, he "did not file a timely appeal." Appellant's Brief at 1. He also is candid in noting that "[h]owever, he has filed many collateral attack motions challenging his sentence as being void in many aspects." *Id.* at 2. We incorporate here the many recitations we have provided of the procedural background of this matter, but offer a shorter overview drawing on just three of our earlier decisions. *See State v. Battin* (which for ease of reference we shall call "*Battin I*"), 10th Dist. No. 17AP-911, 2018-Ohio-2533;

*State v. Battin* ("*Battin II*"), 10th Dist. No. 18AP-402, 2018-Ohio-3947; *State v. Battin* ("*Battin III*"), 10th Dist. No. 18AP-888, 2019-Ohio-2195.

{¶ 3} The state charged Mr. Battin by indictment with one count of kidnapping and one count of rape, each with an attached firearm specification. In due course, he entered into a plea agreement proposing an agreed sentence: he pleaded guilty to the second degree felony of felonious assault, with a three-year firearm specification, and joined with the state in recommending a four-year sentence on the felonious assault, consecutive to the three years on the specification, for a total prison sentence of seven years. The court accepted his plea, adopted his recommendation, and by entry dated March 21, 2016 sentenced him to the agreed seven years in prison.

{¶ 4} *Battin I* held that the trial court had not erred in denying an untimely postconviction relief petition (as predicated at least in part on an argument that the court should vacate his conviction because felonious assault is not a lesser-included offense within the indicted charge of rape). *Battin II* affirmed the trial court's denial of a motion to "correct" a "void" sentence (as again predicated in part on an argument that his plea had not been valid because he had not been indicted for felonious assault). And *Battin III* again affirmed the trial court in having denied a motion to "correct" a claimed "illegal" or "void" sentence.

{¶ 5} In appealing now from the trial court's June 26, 2019 denial of his motion to correct what he deems an illegal and void sentence, Mr. Battin posits four assignments of error:

> [I.] The trial court was without the proper jurisdiction to impose a three-year mandatory prison term upon the Appellant pursuant to R.C. 2941.145.
>
> [II.] The trial court committed plain error upon the Appellant on and at the March 16, 2016 sentencing hearing.
>
> [III.] The trial court committed prejudicial error upon the Appellant for failure to make and file findings of facts and conclusions of law.
>
> [IV.] The trial court violated the * * * appellant's [rights under] the protections of the Fifth Amendment's double jeopardy Clause and those of the Ohio Constitution.

Appellant's Brief at i.

{¶ 6} We consider these assignments together. Mr. Battin's central theme seems to be that, although he now understands that his plea to the offense of felonious assault "was completely permissible," Appellant's Brief at 8, the firearm specification to which he pleaded guilty could not operate to enhance his sentence because it was not contained in an indictment for felonious assault and was "simply listed [as] an un-named specification" in the plea agreement that the trial court accepted. *Id.* at 9. Because R.C. 2941.145 says that imposition of a prison term for the three-year firearm specification described there depends upon certain recitals in the "indictment, count in the indictment, or information charging the offense," he argues, the trial court lacked authority to sentence him on the specification. *Id.* at 9-16 (urging further that acceptance of the plea deal on that score was plain error), 17-20 (arguing that sentencing on the gun specification was unconstitutional because not authorized by statute where not "found in the indictment," count, or information). He confirms that "[t]he issue is not about * * * the fact that appellant was not indicted for felonious assault, or [that] felonious assault is not a [lesser-included offense]." Reply Brief at 3. Rather, he asserts, "[t]he issue is unlawful subject-matter jurisdiction of the trial court, resulting in a [partially] void sentence for a non-stipulated specification." *Id.*, emphasis omitted.

{¶ 7} In his various references to a "non-stipulated specification," Mr. Battin does not seem to mean that the firearm specification was not contemplated by his plea. Indeed, the plea agreement he signed specifies that he is to receive a "mandatory prison term" in connection with the "[f]irearm specification on Count 2" (the felonious assault count, pursuant to his plea), it refers to that count as bearing a "three (3) year firearm specification," and it notes that "the prosecution and defense jointly recommended to the Court sentence(s) of * * * Count 2: Four (4) years in the Ohio Department of Rehabilitation [and] Correction plus three (3) years for the firearm specification. Total = 7 years in the Ohio Department of Rehabilitation and Correction." March 16, 2016 Entry of Guilty Plea. Instead, he seems to have in mind the plea form's language that he was pleading " 'Guilty' to Count 2: the stipulated lesser included offense [sic] of Felonious Assault, a violation of 2903.11 of the Ohio Revised Code, a felony of the second degree with the three (3) year firearm specification." *Id.* His view seems to be that the word "stipulated" had to have been

repeated with regard to the attached gun specification for that specification to have effect. *See, e.g.,* Appellant's Brief at 8. We don't agree.

{¶ 8} This court has advised Mr. Battin, and apparently he now agrees, that "it is perfectly permissible to agree to plead guilty to a crime that has not been indicted. * * * * A plea of guilty constitutes a complete admission that the individual actually committed the offense in question (which encompasses the question of whether there is probable cause to believe the individual committed the offense). Crim.R. 11(B)(1). By pleading guilty to felonious assault, Battin was agreeing that he was guilty of felonious assault, which obviated the need for a jury to adjudicate him guilty or for a grand jury to find probable cause to prosecute him for that offense. The fact that Battin was not indicted for the offense to which he chose to plead as part of a plea agreement does not render his conviction void or create grounds to vacate his conviction." *Battin II* at ¶ 9-10, citations omitted. This court repeatedly has held that, once properly before the trial court, "[a] defendant may waive the right to indictment altogether, as by a guilty plea to an unindicted offense." *State v. Long*, 10th Dist. No. 83AP-999, 1984 Ohio App. Lexis 10927, * 13 (citation omitted); *see also, e.g., State v. Bruce*, 10th Dist. No. 16AP-31, 2016-Ohio-7132; *State v. Wooden*, 10th Dist. No. 02AP-473, 2002-Ohio-7363, ¶ 15.

{¶ 9} A defendant who "may waive the right to indictment altogether" or who by plea can acquiesce in amendment of the identity of the offense charged also may waive the right to re-indictment of the tag-along specification. Having requested that Count 2 be changed from "rape" to "felonious assault," and having agreed to the three-year gun specification attached to that count, Mr. Battin cannot prevail on his argument that the agreed sentence was void to the extent of those three years. *See, e.g., State v. Fryling*, 85 Ohio App.3d 557, 561 (3d Dist.1992) (regarding a different specification that also rested on recitals in the "indictment, count in the indictment, or information charging the offense," *see* former R.C. 2941.143, and holding that indictment could be amended by plea after full disclosure: "defendant made an informed and voluntary waiver of his right to have the specification presented to the grand jury for consideration"); *State v. Childress*, 91 Ohio App.3d 258, 261-62 (3d Dist.1993) (quoting *Fryling*; amendment of indictment by plea, including specification, was "proper" and "not in and of itself objectionable"). Here, gun specifications had been included in the indictment under which Mr. Battin was

appropriately before the trial court; the kidnapping charge was dropped; the rape charge was converted by plea to felonious assault; by plea the three-year firearm specification accompanied that count; and the trial court adopted the aggregate sentence of seven years in prison that Mr. Battin had joined in requesting. *See Battin I* at ¶ 2. That sentence, including the three years on the gun specification, is neither illegal nor void.

{¶ 10} Moreover, although Mr. Battin did not and does not characterize his "Motion to Correct Illegal and Void Sentence" as a motion for statutory postconviction relief, and although it would be untimely to the limited extent that it fits that characterization, his citation to cases concerning when a trial court is required to make findings of fact and conclusions of law "as to the reasons for dismissal" suggest that he may nonetheless view it in that light. *See* Appellant's Brief at 17, citing statutory postconviction relief cases *State v. Lester*, 41 Ohio St.2d 51 (1975), and *State v. Brown*, 41 Ohio App.2d 181 (8th Dist.1974). We already have apprised Mr. Battin that pursuant to R.C. 2953.21(A)(2), "a petition for postconviction relief must be filed no later than 365 days after the expiration of the time for filing an appeal. A trial court may not entertain an untimely postconviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court [has] recognized a new federal or state right that applies retroactively to persons in the petitioner's situation." *Battin I* at ¶ 11. Once again, Mr. Battin has attempted no such showing; he "did not demonstrate that he was unavoidably prevented from discovering the facts necessary for his claim for relief." *Id.* at ¶ 18. "[B]ecause the trial court lacked jurisdiction to consider Battin's petition, it was not required to hold an evidentiary hearing," and it did not err in its denial to the extent that this matter is governed by the postconviction relief statute. *Id.* at ¶ 19. And while Mr. Battin emphasizes that he "captioned his request for a hearing pursuant to Loc.R. 21.01," Appellant's Brief at 17, that local rule explicitly provides that "[o]ral hearings on motions are not permitted except upon leave of the Trial Judge * * * ."

{¶ 11} As Mr. Battin concedes, his time for direct appeal of the 2016 conviction and sentence has long passed. "[B]ecause no authority supports the proposition that appellant's sentence and/or conviction is void from the actions of the trial court in this case, and appellant could have but did not raise these issues [on direct appeal, at least, although

arguments here approximate some he has made here before] * * *, we find res judicata preclude[d] review of appellant's latest motion" to any extent that it was not an untimely motion for postconviction relief.  *See Battin III* at ¶ 19.  The trial court had jurisdiction and authority to preside over his case, accept his plea, and sentence him on the convictions.  We overrule Mr. Battin's assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.

_____