[Cite as *State v. Skipper*, 2021-Ohio-2206.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 20AP-494 |
| | | (C.P.C. No. 08CR-3892) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Angelo L. Skipper, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 29, 2021

**On brief**: [*G. Gary Tyack*], Prosecuting Attorney, and *Sarah V. Edwards*, for appellee.

**On brief**: *Angelo L. Skipper*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Angelo L. Skipper, from a judgment of the Franklin County Court of Common Pleas denying his motion to vacate void conviction and sentence.

{¶ 2} On May 22, 2008, appellant was indicted on one count of aggravated murder, in violation of R.C. 2903.01, one count of having a weapon while under disability, in violation of R.C. 2923.13, and one count of tampering with evidence, in violation of R.C. 2921.12. Count 1 of the indictment (aggravated murder) also included a firearm specification.

{¶ 3} On December 17, 2009, appellant, while represented by counsel, entered a guilty plea to "the stipulated lesser included offense of Count One," involuntary

manslaughter with firearm specification, Count 2 having a weapon while under disability, and Count 3, tampering with evidence. (Jgmt. Entry at 1.) By judgment entry filed December 18, 2009, the trial court sentenced appellant to a total term of incarceration of 18 years.

{¶ 4} On August 17, 2016, appellant filed a motion to withdraw guilty plea. Plaintiff-appellee, State of Ohio, opposed the motion, and by decision and entry filed December 8, 2016, the trial court denied appellant's motion to withdraw guilty plea. Appellant appealed the trial court's denial of his motion to withdraw guilty plea. By journal entry filed January 27, 2017, this court dismissed the appeal as untimely.

{¶ 5} On May 12, 2017, appellant filed a motion for judicial release which the state opposed. By entry filed June 28, 2017, the trial court denied appellant's motion for judicial release. On August 21, 2018, appellant filed a second motion for judicial release, which the trial court denied by entry filed September 18, 2018. Appellant filed a third motion for judicial release on February 21, 2020, which the trial court denied by decision and entry filed March 31, 2020.

{¶ 6} On September 23, 2020, appellant filed a "motion to vacate void conviction and sentence." On September 30, 2020, the state filed a memorandum in opposition to appellant's motion. By decision and entry filed October 2, 2020, the trial court denied appellant's motion to vacate void conviction and sentence.

{¶ 7} On appeal, appellant, pro se, sets forth the following single assignment of error for this court's review:

> THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT DENIED THE APPELLANT'S MOTION WHEN THE CHARGE OF INVOLUNTARY MANSLAUGHTER WAS NEVER PROPERLY BEFORE THE COURT, RENDERING THE APPELLANT'S GUILTY PLEA LESS THAN KNOWING, VOLUNTARY, AND INTELLIGENT.

{¶ 8} Under his single assignment of error, appellant asserts the trial court erred in denying his motion to vacate void conviction and sentence. Appellant argues he entered a plea of guilty "to a charge that was never before the court." (Appellant's Brief at 3.) According to appellant, his conviction and sentence are void because involuntary manslaughter is not a lesser-included offense of aggravated murder, and he further

maintains his guilty plea to involuntary manslaughter was invalid because the indictment never charged him with that offense.

{¶ 9}   At the outset, the state raises the issue as to the nature of appellant's motion before the trial court.  The state notes that, although appellant is claiming his plea was not knowing, voluntary, and intelligent, he did not file a motion to withdraw guilty plea; rather, appellant filed a document styled as a "motion to vacate void conviction and sentence."  The state argues the trial court should have recast appellant's motion as a postconviction petition.[1]  Further, the state maintains, because appellant's motion did not meet any of the criteria for filing an untimely petition for postconviction relief under R.C. 2953.23(A), the court should have dismissed it for lack of jurisdiction.

{¶ 10}   In general, "a criminal defendant has two means to challenge a judgment of conviction or sentence after an appeal: a petition for post-conviction relief pursuant to R.C. 2953.21 et seq. or a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea."  *State v. Hall,* 10th Dist. No. 05AP-957, 2006-Ohio-2742, ¶ 6.  Further, "[p]ost-sentence motions to withdraw a guilty plea and post-conviction relief petitions are alternative remedies and exist independently."  *Id.*

{¶ 11}   Under Ohio law, a motion "not filed pursuant to a specific rule of criminal procedure 'must be categorized by a court in order for the court to know the criteria by which the motion should be judged.' "  *State v. Elkins*, 10th Dist. No. 10AP-6, 2010-Ohio-4605, ¶ 7, citing *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 10.  *See also State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12 ("Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.").

{¶ 12}   As indicated, appellant styled his motion before the trial court as one "to vacate void conviction and sentence."  Appellant's motion cited "the Ohio Constitution, as well as the [S]ixth and Fourteenth Amendment to the United States Constitution," and requested the trial court to "vacate the conviction and sentence of * * * Involuntary Manslaughter, as that charge was never brought before the Court and it deprived * * * the guilty plea being less than knowing and voluntary, rendering the conviction and sentence void or a nullity."  (Def. Mot. to Vacate Void Conviction and Sentence.)

---

[1] The state acknowledges it did not raise this issue before the trial court.

{¶ 13}   We agree with the state that, construed as a petition for postconviction relief, the motion was untimely.  At the time of his conviction, former R.C. 2953.21(A)(2) provided (in cases in which no appeal was taken) that a petition for postconviction relief had to be filed no later than 180 days after the expiration of the time for filing the appeal, except as provided in R.C. 2953.23.

{¶ 14}  A trial court lacks jurisdiction "to entertain an untimely petition for post-conviction relief unless the petitioner demonstrates that one of the exceptions contained in R.C. 2953.23(A) applies."  *State v. Franks*, 10th Dist. No. 04AP-1370, 2005-Ohio-5923, ¶ 7. In the present case, appellant made no attempt to demonstrate any of the exceptions under R.C. 2953.23(A) for filing an untimely petition, i.e., that he was "unavoidably prevented from discovering the facts upon which he relies in his petition or that his claim was based on a new or federal or state right recognized by the United States Supreme Court that could be retroactively applied to his case."  *Elkins* at ¶ 15.

{¶ 15}  We further note that " '[r]es judicata is applicable in all postconviction relief proceedings" and, under that doctrine, "a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if defendant raised or could have raised the issue at trial or on direct appeal."  *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 16, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996).

{¶ 16}  One exception applicable "to both the time limitation for filing a postconviction relief petition and the application of the doctrine of res judicata is the existence of a judgment that is void."  *State v. Bennett*, 4th Dist. No. 15CA3682, 2015-Ohio-3832, ¶ 11.  In this respect, "[a] void judgment may be challenged at any time."  *Id.*, citing *State v. Love,* 9th Dist. No. 27199, 2014-Ohio-1817, ¶ 7.

{¶ 17}  In the instant case, appellant contends his motion is not barred by res judicata because his conviction and sentence are void; specifically, as noted above, appellant asserts his conviction is void because the offense to which he entered a guilty plea, involuntary manslaughter, is not a lesser-included offense of the crime for which he was indicted (aggravated murder).  We disagree.

{¶ 18}  Contrary to appellant's contention, under Ohio law, "[i]nvoluntary manslaughter, R.C. 2903.04, is a lesser included offense of aggravated murder, R.C. 2903.01(A)."  *State v. Thomas*, 40 Ohio St.3d 213, 216 (1988).  *See also State v. Smith*, 89

Ohio St.3d 323, 330 (2000) (holding "[i]nvoluntary manslaughter is a lesser-included offense of aggravated murder," and noting "[t]he difference between the two offenses is that aggravated murder requires a purpose to kill, while involuntary manslaughter requires only that a killing occurred as a proximate result of committing or attempting to commit a felony").

{¶ 19} Further, even if involuntary manslaughter was not a lesser-included offense of aggravated murder, we would reject appellant's argument based on the record presented. As noted by the state, under the facts of this case, appellant stipulated to involuntary manslaughter as a lesser-included offense of aggravated murder. This court has "repeatedly * * * held that, once properly before the trial court, '[a] defendant may waive the right to indictment altogether, as by a guilty plea to an unindicted offense.' " *State v. Battin,* 10th Dist. No. 19AP-485, 2019-Ohio-5001, ¶ 8, quoting *State v. Long,* 10th Dist. No. 83AP-444 (Sept. 27, 1984). *See also State v. Bruce,* 10th Dist. No. 16AP-31, 2016-Ohio-7132, ¶ 12 ("appellant's actions in knowingly, intelligently, and voluntarily entering a plea to two counts of unlawful sexual conduct with a minor while represented by counsel constituted a waiver of his constitutional right to an indictment on the offenses to which he pled").

{¶ 20} In *State v. Wooden,* 10th Dist. No. 02AP-473, 2002-Ohio-7363, this court addressed a similar claim by a defendant, in which he asserted his guilty plea was void and violated his constitutional rights because the crimes to which he pled guilty (two counts of corruption of a minor) were not lesser-included offenses of the crimes for which he was indicted (rape). This court rejected the defendant's argument, relying in part on language by the Supreme Court of Ohio holding that the fact an appellant " 'proceeded to plead to a different offense [than the one contained in the indictment] does not void his conviction.' " *Id.* at ¶ 12, quoting *Stacy v. Van Coren,* 18 Ohio St.2d 188, 189 (1969). In *Wooden,* we determined that appellant's actions in voluntarily entering into a guilty plea to two counts of corruption of a minor, while represented by counsel, "constituted a waiver of his constitutional right to indictment." *Id.* at ¶ 15. *See also State v. Battin,* 10th Dist. No. 18AP-402, 2018-Ohio-3947, ¶ 10 ("The fact that [the appellant] was not indicted for the offense to which he chose to plead as part of a plea agreement does not render his conviction void or create grounds to vacate his conviction.").

{¶ 21} The record in this case indicates appellant was represented by counsel, and both appellant and his counsel signed the entry of guilty plea form. That entry of guilty plea stated in part: "I understand that my guilty plea(s) to the crime(s) specified constitute(s) both an admission of guilt and a waiver of any and all constitutional, statutory, or factual defenses with respect to such crime(s) [in] this case." (Dec. 17, 2009 Entry of Guilty Plea.) Again, we find no merit to appellant's contention that the offense to which he pled, involuntary manslaughter, was not a lesser-included offense of the indicted crime; in any event, however, appellant's actions in voluntarily entering a guilty plea to involuntary manslaughter, "while represented by counsel," constitutes "a waiver of his constitutional right to an indictment on that offense." *State v. Taylor,* 10th Dist. No. 19AP-795, 2020-Ohio-4581, ¶ 23, citing *Bruce* at ¶ 12.

{¶ 22} Finally, the Supreme Court has recently made clear that "[a] judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant," and "[i]f the court has jurisdiction over the case and the person, any error in the court's exercise of that jurisdiction is voidable." *State v. Henderson,* 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 34. With respect to a "criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge," and "[a] defendant also submits to the court's jurisdiction if he does not object to the court's exercise of jurisdiction over him." *Id.* at ¶ 36. *See also State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 25-26, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8 (recognizing that " 'a common pleas court has jurisdiction over felony cases,' " and that "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void"). In this respect, "[n]either the state nor the defendant can challenge the voidable sentence through a postconviction motion." *Henderson* at ¶ 43.

{¶ 23} Appellant's contention that the trial court lacked jurisdiction to accept his plea, rendering his conviction and sentence void, is unpersuasive. Further, appellant's arguments in support of his motion to vacate are based "upon matters contained in the record of the trial court proceedings and could have been raised in a direct appeal" and, therefore, are barred by the doctrine of res judicata. *Taylor* at ¶ 13. On review, appellant's

conviction was not void and, based on the untimeliness of his petition and the doctrine of res judicata, the trial court did not err in denying appellant's motion to vacate void conviction and sentence.

{¶ 24} Based on the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN, P.J., and KLATT, J., concur.

_____